J-S31029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
                                      :               PENNSYLVANIA
                            :
             v.                       :
                            :
                            :
BOBBY BROWN                   :
                            :
                Appellant      :      No. 2130 EDA 2021

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000043-2017

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED NOVEMBER 22, 2022**

Appellant Bobby Brown appeals *pro se* from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant raises numerous claims of ineffective assistance against trial, appellate, and PCRA counsel. We affirm.

The facts of this matter are well known to the parties. ***See Commonwealth v. Brown***, 3469 EDA 2018, 2019 WL 6359023, at \*1-3 (Pa. Super. filed Nov. 27, 2019) (unpublished mem.). Briefly, on November 1, 2016, Appellant went to a garage in Pottstown where Robert Pfanders (the victim) and Terry Presgrave were working. After an argument about Appellant's motorcycle, Appellant shot the victim three times. Immediately

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

after the shooting, the victim told Presgrave that the shooter's name was "Bobby Brown." The victim was transported to a hospital and survived his injuries. After both Presgrave and the victim identified Appellant as the shooter in photo arrays, an arrest warrant was issued for Appellant.

A prior panel of this Court explained that:

On November 25, 2016, Officer Kevin Gorman of the Philadelphia Police Department pulled Appellant over to make a routine traffic stop. Appellant initially provided a false name, identifying himself as Maurice Brown. When Officer Gorman eventually determined that the driver's actual name was Bobby Brown, he took him into custody under an active warrant out of Pottstown for attempted homicide.

Thereafter, the Commonwealth filed an information charging Appellant with offenses related to the shooting. On August 3, 2017, Appellant filed a motion to suppress the identification evidence. Appellant argued that the photo array lineup was prejudicial and unduly suggestive because none of the other photographs resembled Appellant. Following a suppression hearing on April 2, 2018, the trial court denied Appellant's motion.

*Id.* at *3 (citations and quotation marks omitted).

We add that Scott McIntosh, Esq. (trial counsel), represented Appellant at trial. At trial, Presgrave testified that he saw Appellant holding a gun during Appellant's argument with the victim, heard gunshots, and saw the victim fall to the ground. Immediately after the shooting, the victim told Presgrave that Bobby Brown had shot him. Presgrave also admitted that he frequently used methamphetamine, including on the date of the shooting. During closing arguments, the attorney for the Commonwealth remarked that Appellant could not account for his whereabouts at the time of the shooting.

On May 21, 2018, the jury convicted Appellant of attempted murder and related offenses. The trial court subsequently sentenced Appellant to an aggregate term of twenty-two-and-a-half to forty-five years' incarceration.

Appellant filed timely post-sentence motions, which the trial court denied. Appellant timely appealed. Erin C. Lentz McMahon, Esq. (appellate counsel) represented Appellant on direct appeal. On appeal, Appellant argued that the trial court erred in denying his motion to suppress the identification evidence. **Brown**, 2019 WL 6359023, at *4. In reviewing Appellant's claim, a panel of this Court noted that it could find the issue waived because Appellant did not include the photo array in the certified record. **Id.** at *6. However, the Court ultimately agreed with the trial court's conclusion that there was independent evidence to support the identification of Appellant and affirmed the judgment of sentence. **Id.** at *6, *10.

The PCRA court summarized the subsequent procedural history as follows:

> Appellant filed a timely *pro se* [PCRA petition] on September 23, 2020. Sean Cullen, Esq. was appointed to represent Appellant on October 1, 2020. Attorney Cullen filed a petition to incorporate and supplement Appellant's *pro se* PCRA petition and request for a hearing on December 30, 2020. . . .
>
> A video conference evidentiary hearing was held on February 2, 2021. Attorney Cullen represented Appellant. At the hearing, the court heard testimony from trial counsel . . . and Appellant. . . .
>
> *    *    *
>
> Appellant filed *pro se* correspondence on March 12, 2021, alleging collusion between Attorney Cullen and the [Montgomery County] District Attorney's Office. On March 26, 2021, Attorney Cullen

- 3 -

filed a petition for leave to withdraw appearance, citing Appellant's allegations of collusion between appointed counsel and the district attorney's office.

\*     \*     \*

On May 4, 2021, a hearing was held regarding Attorney Cullen's petition for leave to withdraw. At the hearing, Appellant testified he lacked confidence in his court-appointed attorney and was in the process of hiring private counsel. On the same date, Attorney Cullen's petition for leave to withdraw appearance was granted. . . .

On June 10, 2021, Thomas D. Kenn[y], Esq. entered his appearance on behalf of Appellant. Attorney Kenn[y] was privately retained by Appellant.

\*     \*     \*

On August 13, 2021, [Attorney Kenny] filed a [brief captioned "]Statement of Precise Issues Pursued["] which identified . . . five issues to be pursued at the continuation of the PCRA hearing on August 23, 2021[.]

\*     \*     \*

Argument was held on August 23, 2021. [Attorney Kenny] acknowledged that the evidentiary record was closed and that the five issues identified in his [brief] were the only relevant issues being pursued in the PCRA petition.

\*     \*     \*

The court took the matter under advisement. On September 17, 2021, after consideration of the filings, arguments of counsel and evidence presented in the instant matter, this court issued an order denying the PCRA petition pared down to the five issues PCRA counsel identified at the August 23, 2021 hearing.

PCRA Ct. Op., 12/20/21, at 2-5 (citations and footnote omitted, formatting altered).

Appellant timely filed a *pro se* notice of appeal[2] and a court-ordered Pa.R.A.P. 1925(b) statement.[3] Appellant subsequently filed correspondence with the PCRA court indicating that he wished to proceed *pro se* on appeal. Attorney Kenny filed an application with this Court to withdraw as counsel. On December 2, 2021, the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and granted Appellant's request to proceed *pro se*.[4,5]

Appellant raises the following issues for our review, which we restate and reorder as follows:

---

[2] Although Appellant was represented by Attorney Kenny when he filed his *pro se* notice of appeal, the rule against hybrid representation does not render the timely *pro se* notice of appeal a legal nullity. **See Commonwealth v. Williams**, 151 A.3d 621 (Pa. Super. 2016) (explaining that because a notice of appeal protects constitutional rights, it is distinguishable from other filings that require counsel, and this Court is required to docket *pro se* notice of appeal despite the appellant being represented by counsel).

[3] The PCRA court noted that Appellant served his Rule 1925(b) statement on the PCRA court judge and the Commonwealth, but that he failed to file a copy with Clerk of Courts. **See** PCRA Ct. Op. at 5 n.3. Nevertheless, the PCRA court treated Appellant's Rule 1925(b) statement as properly filed and the PCRA court submitted a copy of the statement to the Clerk of Courts for filing. **See id.**

[4] Although the PCRA court quotes from the transcript of the December 2, 2021 **Grazier** hearing in its Rule 1925(a) opinion, **see** PCRA Ct. Op. at 6-8, that transcript is not included in certified record. However, because Appellant is not challenging the PCRA court's ruling in the **Grazier** hearing, the absence of the transcript does not impede our review.

[5] This Court granted Attorney Kenny's application to withdraw as counsel on December 6, 2021.

- 5 -

1. Whether the PCRA court erred in not granting relief on the PCRA petition alleging that trial counsel was ineffective for failing to file a motion to preclude Appellant's prior bad acts?

2. Whether the PCRA court erred in not granting relief on the PCRA petition alleging that trial counsel was ineffective for failing to file a motion to exclude the victim's hearsay statement identifying Appellant as his assailant?

3. Whether the PCRA court erred in not granting relief on the PCRA petition alleging that trial counsel was ineffective for failing to impeach Terry Presgrave?

4. Whether the PCRA court erred in not granting relief on the PCRA petition alleging that trial counsel was ineffective for failing to contest the identification evidence?

5. Whether the PCRA court erred in not granting relief on the PCRA petition alleging that trial counsel was ineffective for failing to object to prejudicial remarks in the Commonwealth's closing regarding Appellant's Fifth Amendment rights?

Appellant's Brief at 5.[6]

---

[6] In his brief, Appellant argues approximately ten additional issues that he did not include in his statement of questions presented. *See* Appellant's Brief at 5, 14-17, 24-43. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted). Because Appellant failed to include these issues in his statement of questions presented, they are waived. *See* Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also Commonwealth v. Hodge*, 144 A.3d 170, 172 n.4 (Pa. Super. 2016). Additionally, an appellant may not raise new issues in his reply brief. Therefore, the issues that Appellant raised for the first time in his reply brief are also waived. *See, e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 219 n.8 (Pa. 1999).

*(Footnote Continued Next Page)*

### Trial Counsel's Failure to File Motions *in Limine*

In his first two issues, Appellant claims that trial counsel was ineffective for failing to file motions *in limine* to exclude: (1) Appellant's prior bad acts and (2) the victim's statement that Appellant shot him. Appellant's Brief at 12-13, 49-50.

Appellant argues that trial counsel was ineffective for failing to seek the exclusion of Appellant's prior bad acts under Pa.R.E. 404(b). Appellant's Brief at 12-13. Specifically, Appellant contends that Officer Gorman's testimony was inadmissible under Pa.R.E. 404(b) because it tended to prove Appellant acted in conformance with prior bad acts. *Id.* at 13.[7]

_____

We also note that Appellant presented eight additional issues in his Rule 1925(b) statement. *See* Rule 1925(b) Statement, 12/2/21, at 1-2. However, in his brief on appeal, Appellant has not raised or presented any argument relative to these other claims of error. Accordingly, Appellant has abandoned those issues on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *see also* **Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

[7] Appellant also claims that trial counsel was ineffective for failing to present the police property receipt from the night of Appellant's arrest to rebut Officer Gorman's testimony. Appellant's Brief at 12. Appellant asserts that trial counsel and PCRA counsel suborned perjury and procedural misconduct. *Id.* Appellant additionally argues that Officer Gorman's trial testimony was not reliable because Officer Gorman was named in a *Philadelphia Inquirer* article of Philadelphia Police Department officers who the Philadelphia District Attorney's Office considered to be untrustworthy. *Id.* at 13. Therefore, Appellant contends that the Commonwealth violated his constitutional rights by knowingly using false evidence to convict him. *Id.* Appellant did not raise any of these claims in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4)
*(Footnote Continued Next Page)*

Appellant also argues that trial counsel was ineffective for failing to file a motion *in limine* to exclude the victim's statement that Appellant shot him because its potential for unfair prejudice outweighed its probative value. *Id.* at 49-50. Further, Appellant contends that the victim's statement was of an emotional nature and was likely to confuse and mislead the jury. *Id.* at 50.[8]

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

---

are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

[8] Appellant also claims that trial counsel was ineffective for failing to (1) present evidence regarding the discrepancies between the victim's statement and the condition of the crime scene; (2) request a limiting instruction; (3) retain a medical expert to testify about how the victim's substance use affected his perceive the attack. Appellant's Brief at 49-50. Appellant did not raise any of these claims in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii), 2116(a).

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). It is well settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Washington*, 927 A.2d 586, 608 (Pa. 2007) (citation omitted). Additionally, counsel cannot be deemed ineffective for failing to perform an act that counsel actually performed. *See, e.g.*, *Commonwealth v. Gwynn*, 943 A.2d 940, 946 (Pa. 2008) (concluding that the defendant's "claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal is meritless since it was, in fact, raised").

Here, Appellant has raised only bald assertions of prejudice regarding the admission of this evidence. A PCRA petitioner has the burden to plead and prove prejudice, *i.e.*, "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." ***Sandusky***, 203 A.3d at 1043-44. Therefore, Appellant has failed to establish that he is entitled to relief on these claims. ***See id.***

**Trial Counsel's Failure to Impeach Presgrave**

In his third issue, Appellant argues that trial counsel was ineffective for failing to impeach Presgrave regarding his prior inconsistent statements. Appellant's Brief at 8-11. Specifically, Appellant noted that during trial, Presgrave testified that his memory of the shooting was foggy because he had taken drugs that day. ***Id.*** Appellant contends that trial counsel failed to introduce the statement in which Presgrave denied that he was under the influence of alcohol or drugs on the day of the shooting.[9] ***Id.*** Appellant also argues that trial counsel failed to impeach Presgrave regarding his inconsistent statements about whether he saw the shooting and the description of the shooter he gave to the police. ***Id.***

The PCRA court addressed Appellant's claim as follows:

---

[9] Appellant also asserts that Presgrave committed perjury and the Commonwealth violated Appellant's constitutional rights by knowingly presenting or failing to correct Presgrave's false testimony. Appellant's Brief at 8-11. Appellant did not raise any of these claims in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, they are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii), 2116(a).

This issue is also without merit. Trial counsel cross-examined Mr. Presgrave regarding his drug use on the day of the incident, his drug habit in general, and open drug charges related to methamphetamine. *See* [N.T. Trial, 5/17/18, at 71-77]. Mr. Presgrave admitted that his ability to perceive events that day was impaired and his memory was "foggy." *Id.* at 78. [Trial counsel] also cross-examined Mr. Presgrave regarding the victim's enemies. *Id.* at 81-82. At the February 2, 2021 PCRA hearing, [trial counsel] recalled that the bulk of his cross-examination of the witnesses and the victim "was about them using meth that day. And [he] asked both of them about, 'When you use meth, you stay up for days, right? And how does staying up for days doing drugs affect your ability to perceive events or to recall what happened?'" [N.T. PCRA Hr'g, 2/2/21, at 33].

[Trial counsel's] cross-examination at trial was reasonable and Appellant has failed to prove a different alternative "offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 [(Pa. 2011)] (citing [*Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006)] (citation omitted)). Therefore, Appellant is unable to demonstrate this allegation merits PCRA relief.

PCRA Ct. Op. at 21.

Based on our review of the record, we agree with the PCRA court's conclusion. Trial counsel cross-examined Presgrave regarding his use of methamphetamine and the effects it had on his perception and memory. Trial counsel also questioned Presgrave about the inconsistencies between Presgrave's trial testimony and the statement he gave to the police. *See* N.T. Trial, 5/17/18, at 71-78, 80-81. A petitioner cannot establish counsel was ineffective for failing to perform an act that counsel actually performed. *See*

- 11 -

***Gwynn***, 943 A.2d at 946. Therefore, Appellant is not entitled to relief on this claim.[10]

### Trial Counsel's Failure to Contest Identification Evidence

In his fourth issue, Appellant argues that trial counsel was ineffective for failing to adequately contest the identification evidence. Appellant's Brief at 18-23. Specifically, Appellant contends that trial counsel failed to adequately cross-examine the officers regarding their compliance with police procedures regarding the use of photo arrays. ***Id.*** at 22-23. He also claims that trial counsel was ineffective for failing to retain an expert regarding eyewitness identification. ***Id.*** at 21-23. Lastly, he argues that counsel[11] was ineffective for failing to preserve the photo array for appeal. ***Id.*** at 21.

Our Supreme Court has held that when this Court finds an issue waived on direct appeal but then alternatively concludes that the issue is meritless, the ruling on the merits is a valid holding that constitutes the law of the case

---

[10] As noted previously, the PCRA court concluded that Appellant was not entitled to relief because he failed to prove that trial counsel's chosen strategy lacked a reasonable basis by showing the alternative not chosen offered greater potential for success. PCRA Ct. Op. at 21. Although we affirm the PCRA court's ruling on a different basis, we note that it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citations omitted), *appeal denied*, --- A.3d ---, 153 WAL 2022, 2022 WL 6915277 (Pa. filed Oct. 12, 2022).

[11] Appellant does not specify if he is referring to trial counsel, appellate counsel, or both with respect to this claim.

with respect to that issue. ***See Commonwealth v. Reed***, 971 A.2d 1216, 1220 (Pa. 2009). Further, because the ruling on the merits of the issue is the law of the case, it constrains this Court's review of the same issue in subsequent collateral proceedings, even if it is nested in an ineffective assistance of counsel claim. ***See id.*** at 1220, 1227.

Here, the PCRA court concluded that this claim was meritless because even though the photo array was not included in the certified record, a panel of this Court affirmed the order denying Appellant's motion to suppress on direct appeal. ***See*** PCRA Ct. Op. at 22 (citing ***Brown***, 2019 WL 6359023 at *6).

Based on our review of the record, we agree with the PCRA court's conclusion. As noted by the PCRA court, a prior panel of this Court affirmed the trial court's order denying Appellant's motion to suppress on the merits instead of finding the claim waived. ***See Brown***, 2019 WL 6359023 at *6. Because this Court's prior ruling on the merits of Appellant's claim constitutes the law of the case, Appellant cannot establish that either trial or appellate counsel was ineffective regarding the suppression of the identification evidence. ***See Reed***, 971 A.2d at 1227 (affirming denial of PCRA claim that trial counsel was ineffective because this Court previously held that the underlying issue was meritless on direct appeal). Accordingly, Appellant is not entitled to relief on this claim.

**Trial Counsel's Failure to Object to Commonwealth's Closing**

In his fifth issue, Appellant argues that trial counsel was ineffective for failing to object to prejudicial remarks in the Commonwealth's closing arguments. Appellant's Brief at 45-48. Specifically, Appellant notes that during her closing argument, the prosecutor stated that Appellant could not account for his whereabouts at the time of the shooting. *Id.* at 45-47 (citing, *inter alia*, N.T. Trial, 5/21/18, at 30). Appellant contends that this remark inappropriately referred to Appellant's exercise of his Fifth Amendment right against self-incrimination. *Id.* at 45. Appellant claims that he was prejudiced by trial counsel's failure to object to the prosecutor's remarks because those remarks "injected a highly prejudicial personal opinion regarding [Appellant's] guilt[.]"[12] *Id.* at 47.

Our Supreme Court has explained that

a claim of ineffective assistance grounded in trial counsel's failure to object to a prosecutor's conduct may succeed when the petitioner demonstrates that the prosecutor's actions violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest

_____

[12] Appellant additionally argues that trial counsel was ineffective for failing (1) object to the prosecutor's "material misrepresentation of the facts that was in contradiction to [the] physical evidence[,]" (2) present exculpatory evidence he had received in discovery, (3) argue inconsistencies in the Commonwealth's evidence during his closing, and (4) object to the trial court's denial of the jury's request to review witness statements during deliberations. Appellant's Brief at 45-47. Appellant did not raise any of these claims in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii), 2116(a).

such as due process. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. The touchstone is fairness of the trial, not the culpability of the prosecutor. Finally, not every intemperate or improper remark mandates the granting of a new trial; reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

* * *

This Court has recognized that counsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel. Under some circumstances, trial counsel may forego objecting to an objectionable remark or seeking a cautionary instruction on a particular point because objections sometimes highlight the issue for the jury, and curative instructions always do.

**Commonwealth v. Koehler**, 36 A.3d 121, 144, 146 (Pa. 2012) (citations omitted and formatting altered); **see also Commonwealth v. Campbell**, 260 A.3d 272, 280-81 (Pa. Super. 2021) (stating that "[a] prosecutor's comments must be examined within the context of defense counsel's conduct, and the prosecutor may fairly respond to points made by the defense. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair" (citations omitted and formatting altered)), *appeal denied*, --- A.3d ---, 27 EAL 2022, 2022 WL 3053299 (Pa. filed Aug. 3, 2022).

Further our Supreme Court has explained that "[t]he jury is presumed to have followed the court's instructions." **Chmiel**, 30 A.3d at 1147 (citation omitted).

Here the PCRA court explained:

During its final jury instruction, the court specifically advised the jury that they were not to draw any adverse inference from the fact that Appellant did not testify . . . . [N.T. Trial, 5/21/18, at 59.]

*   *   *

The court further advised that it was not Appellant's burden to prove his innocence, and that the statements made by counsel during opening and closing statements were not evidence and should not be considered as such. **Id.** at 59, 62-63, 66-67.

*   *   *

The court has determined that the statement made during closing arguments by the prosecutor did not assault Appellant's constitutional protections pursuant to the Fifth Amendment's privilege against compulsory self-incrimination or the Sixth Amendment's right to a fair trial. Nor did the remark result in the denial of Appellant's right to a fair trial. Further, the court's final jury charge was curative of any impropriety.

Because the prosecutor's remark was not of sufficient significance to result in the denial of the defendant's right to a fair trial, trial counsel's failure to object during the closing argument is meritless. As such, Appellant's claim of ineffectiveness in this regard fails to satisfy the "arguable merit" prong of the [ineffective assistance of counsel] test. Further, any effect of the prosecutor's remark was cured by the jury instruction given by the court prior to jury deliberation.

PCRA Ct. Op. at 25-27 (some citations omitted).

Based on our review of the record, we agree with the PCRA court's conclusions. The prosecutor's comment did not have the unavoidable effect

- 16 -

of forming a fixed bias in the minds of the jurors such that it denied Appellant a fair trial. **See Koehler**, 36 A.3d at 144. Further, the trial court instructed the jurors that they could not make any adverse inferences from the fact that Appellant did not testify, that the Commonwealth had the burden of proof, and that counsel's arguments were not evidence. **See** N.T. Trial, 5/21/18, at 59, 66-67. Jurors are presumed to follow the trial court's instructions. **See Chmiel**, 30 A.3d at 1147. For these reasons, we conclude that Appellant's claim that the prosecutor inappropriately referred to Appellant's silence lacks arguable merit, and counsel "will not be deemed ineffective for failing to raise a meritless claim." **Washington**, 927 A.2d at 608. Therefore, Appellant is not entitled to relief on this issue. **See Sandusky**, 203 A.3d at 1044.

### Ineffectiveness of PCRA Counsel

Lastly, Appellant has raised several claims of ineffective assistance of PCRA counsel,[13] alleging that PCRA counsel failed to raise and/or develop various claims in their filings and failed to present evidence at the evidentiary hearing. Appellant's Brief at 8, 12, 14, 23-25, 45-46, 52; Appellant's Reply Brief at 1-2 (unpaginated).

Although Appellant has raised these claims for the first time on appeal, our Supreme Court held in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), that a PCRA petitioner may, after a PCRA court denies relief and after

---

[13] Appellant refers to "PCRA counsel" in his brief without specifying if he is referring to Attorney Cullen or Attorney Kenny. Therefore, we refer to Attorney Cullen and Attorney Kenny collectively as "PCRA counsel."

- 17 -

obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even on appeal. **See Bradley**, 261 A.3d at 405. Because Appellant's appeal was pending when our Supreme Court decided **Bradley**, it is applicable to this appeal. **See Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (stating that "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision" (citations omitted)).

At the outset, we note that Appellant has not raised any of his claims of ineffective assistance of PCRA counsel in his statement of the questions involved. Therefore, we conclude that these claims are waived. **See** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); **see also Hodge**, 144 A.3d at 172 n.4 (noting that a claim that the appellant argued in his brief but failed to include in his statement of questions presented was waived).

In any event, were we to reach these claims of error, we would be constrained to find them waived due to Appellant's failure to develop them beyond bald assertions of PCRA counsel's ineffectiveness. **See Sandusky**, 203 A.3d at 1044. Therefore, we conclude that it is not necessary to remand this matter to the PCRA court for further consideration.[14] **Cf. Bradley**, 261

_____

[14] In his reply brief, Appellant argues that PCRA counsel was ineffective for failing to challenge the legality of his sentence under **Apprendi v. New**
*(Footnote Continued Next Page)*

- 18 -

A.3d at 402 (explaining that "to advance a request for remand [for further development of the record, an appellant] would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness" (citation and quotation marks omitted)). Accordingly, Appellant is due no relief on these issues.

For these reasons, we discern no error or abuse of discretion by the PCRA court in denying Appellant's petition. Therefore, we affirm the PCRA court's order.

Order affirmed.

---

*Jersey*, 530 U.S. 466 (2000) and *United States v. Alleyne*, 570 U.S. 99 (2013). Appellant's Reply Brief at 2 (unpaginated). Although under *Bradley*, Appellant may raise this ineffectiveness claim on appeal for the first time, we conclude that it is waived for the reasons stated above.

We also note that the underlying legality of the sentence claims are meritless. "'[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" *Commonwealth v. King*, 234 A.3d 549, 560 (Pa. 2020) (quoting *Apprendi*, 530 U.S. at 476 (additional citation omitted)). Here, the jury found that the Commonwealth proved beyond a reasonable doubt that Appellant inflicted serious bodily injury. *See* N.T. Trial, 5/21/18, at 103. Therefore, Appellant's sentence of twenty to forty years' incarceration under 18 Pa.C.S. § 1102(c) is a legal sentence. *See Apprendi*, 530 U.S. at 476; *King* 234 A.3d at 560. *Alleyne* is not applicable to Appellant's sentence because 18 Pa.C.S. § 1102(c) does not provide for a mandatory minimum sentence. *Cf. Alleyne*, 570 U.S. at 111-16 (requiring that the jury must find that the prosecution proved any facts that increase the mandatory minimum sentence beyond a reasonable doubt).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/22/2022</u>